IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**PIONEER HEALTH SERVICES INC.**     **PLAINTIFF/APPELLANT**

**VS.**     **Cause No. 3:15cv386DPJ-FKB**

**MISSISSIPPI DIVISION OF MEDICAID,**
**OFFICE OF THE GOVERNOR, STATE**
**OF MISSISSIPPI**     **DEFENDANT/APPELLANT**

### ANSWER

Defendant Mississippi Division of Medicaid, Office of the Governor, State of Mississippi, by and through its attorney of record, file this, its Answer to Complaint, and would show the Court the following:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

That Pioneer does or may lack standing to bring some or all of these claims.

### THIRD AFFIRMATIVE DEFENSE

Neither the state or federal laws governing or pertaining to Medicaid permit a private right of action by an individual party.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations or alternatively, are barred by the equitable doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

Defendant is not the proper party defendant. To the extent that any statute rules private right of action or enforcement exists under the comments cited in Paragraphs 8-

10 of the Complaint, such action or enforcement should be directed to CMS.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that anyone can challenge the DOM's use of Myers-Stauffer as a DSH auditor, CMS is the only such entity who can approve or challenge that use.

## SEVENTH AFFIRMATIVE DEFENSE

CMS is the only entity who is permitted to decide whether an auditor is "independent." CMS has approved the use of Myers-Stauffer as a DSH auditor.

## EIGHTH AFFIRMATIVE DEFENSE

That Plaintiff has or may have failed to join indispensable parties.

## NINETH AFFIRMATIVE DEFENSE

The Plaintiff is either not the proper party or has been improperly named or identified.

## TENTH AFFIRMATIVE DEFENSE

That some or all of the Plaintiff's claims are preempted by federal law.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's action is premature and is not ripe for decision as it has a currently pending appeal before DOM challenging the amount of recoupment DOM seeks.

## TWELFTH AFFIRMATIVE DEFENSE

Appellees respond to the Appellant's Complaint, paragraph by paragraph, as follows:

1. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph One (1) of Plaintiff's Complaint; accordingly, the allegations are

denied.

2. Defendant admits the allegations contained in Paragraph Two (2) of Plaintiff's Complaint upon information and belief.

## JURISDICTION AND VENUE

3. Defendant admits the allegations contained in Paragraph Three (3) of Plaintiff's Complaint upon information and belief.

## FACTS

4. Defendant admits the allegations contained in the first sentence in Paragraph Four (4) of Plaintiff's Complaint. The remaining allegations are legal conclusions which require no response.

5. Defendant admits the allegations contained in Paragraph Five (5) of Plaintiff's Complaint.

6. Defendant admits it makes DSH payments but denies that Plaintiff's Complaint contains a complete statement of the applicable law.

7. Defendant admits the allegations contained in Paragraph Seven (7) of Plaintiff's Complaint.

8. Defendant admits that it makes DSH payments to hospital but denies the remainder of Paragraph Eight (8) contains a complete statement of the applicable law.

9. Defendant denies the allegations contained in Paragraph Nine (9) insofar as it states or implies that the quoted material has the force of law or is a complete statement of the applicable law.

10. Exhibit A speaks for itself. DOM denies that it has the force of law or that the quotations are complete.

11. Defendant denies the allegations contained in Paragraph Eleven (11) of Plaintiff's Complaint to the extent that it alleges that DOM did not conduct an examination or provide such explanation to CMS, and DOM specifically states that it conducted an investigation and that CMS advised that it regarded the audit division of Myers-Stauffer independent. DOM states affirmatively that it is in compliance with applicable law. DOM admits that it may not have produced all documents which reflect this investigation, examination and approval, but denies that the RFI specifically requested such information.

12. Defendant admits the allegations contained in Paragraph Twelve (12) of Plaintiff's Complaint.

13. Defendant admits the allegations contained in Paragraph Thirteen (13) of Plaintiff's Complaint.

14. Defendant admits the allegations contained in Paragraph Fourteen (14) of Plaintiff's Complaint.

15. Defendant admits the allegations contained in Paragraph Fifteen (15) of Plaintiff's Complaint.

16. Defendant denies the allegations of contained in Paragraph Sixteen (16) of Plaintiff's Complaint.

17. Defendant admits the allegations contained in Paragraph Seventeen (17) of Plaintiff's Complaint upon information and belief.

## RELIEF REQUESTED

18. Defendant reincorporates all of its answers and defenses.

19. Defendant denies the allegations contained in Paragraph Nineteen (19)

of Plaintiff's Complaint.

20. Defendant denies the allegations contained in Paragraph Twenty (20) of Plaintiff's Complaint.

21. Defendant denies the allegations contained in Paragraph Twenty One (21) of Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph Twenty Two (22) of Plaintiff's Complaint upon information and belief and DOM specifically denies Pioneer is entitled to any relief whatsoever.

RESPECTFULLY SUBMITTED, this, the 3rd day of June, 2015.

MISSISSIPPI DIVISION OF MEDICAID,
Office of the Governor, State of Mississippi

/s Janet C. McMurtray
Janet C. McMurtray, MSB# 2774
PURDIE & METZ, PLLC
Post Office Box 2659
Ridgeland, Mississippi  39158
Telephone:  (601) 957-1596
Facsimile:   (601) 957-2449

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

T. Richard Roberson, Jr.
Bradley Arant Boult Cummings LLP
188 East Capitol Street, Suite 400
Jackson, Mississippi 39201
rroberson@babc.com

THIS, the 3rd day of June, 2015.

/s Janet C. McMurtray